UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERMAINE ALTERMA,

    Petitioner,

v.                                    Case No: 2:16-cv-450-FtM-38CM

UNITED STATES OF AMERICA,

    Respondent.
_____/

# OPINION AND ORDER[1]

Petitioner Jermaine Alterma ("Petitioner" or "Alterma") initiated this action by filing a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on June 10, 2016 (Doc. 1). The United States filed a response to the § 2255 motion on September 12, 2016 (Doc. 8). Alterma filed a reply on October 20, 2016 (Doc. 10). After due consideration, the Court finds that Alterma's § 2255 motion should be dismissed as time-barred, or alternatively, denied on the merits.

Because each of the claims raised in the § 2255 motion is either time-barred, procedurally barred, contrary to law, or affirmatively contradicted by the record, an evidentiary hearing is not required. *See Holmes v. United States*, 876 F.2d 1545, 1553

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

(11th Cir. 1989) ("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.").

## Background[2]

On July 24, 2013, a grand jury indicted Alterma on one count of conspiring to possess cocaine with intent to distribute it, in violation of 21 U.S.C. § 846; two counts of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1); one count of possessing cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1); and one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Cr. 18).

Alterma entered into a plea agreement with the government in which he agreed to plead guilty to the drug charges in exchange for dismissal of the felon-in-possession firearm charge (Doc. 44). Based upon Alterma's prior convictions for felony battery and the sale of cocaine, the probation office determined that he was a career offender as defined in § 4B1.1 of the United States Sentencing Guidelines ("USSG") (Cr. 51, PSR at ¶ 29). Alterma received a guidelines sentence of 156 months in prison and three years of supervised release (Cr. 55, 57). Alterma was not sentenced under the Armed Career Criminal Act ("ACCA").

Alterma appealed his sentence (Cr. 59). On January 7, 2015, the Eleventh Circuit granted the government's motion to dismiss the appeal based on the appeal waiver in Alterma's plea agreement (Cr. 77).

---

[2] Docket entries in Alterma's underlying criminal case, 2:13-cr-98-SPC-CM-1, will be cited as (Cr. __).

Subsequently, Alterma filed this § 2255 motion in which he asserts that he should be resentenced in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) because he is no longer a "career offender" under the Sentencing Guidelines (Doc. 1 at 4).

## Analysis

### a. Alterma's 28 U.S.C. § 2255 motion is time-barred

Generally, a § 2255 motion must be filed within one-year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Alterma's direct appeal was denied on January 7, 2015 (Cr. 77). Alterma's conviction became final on April 6, 2015, when his time for seeking certiorari review expired. *See Clay v. United States*, 537 U.S. 522, 532 (2003). Accordingly, Alterma was required to seek relief under § 2255 before April 7, 2016. *Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). However, he did not file the instant § 2255 until June 3, 2016, almost two months too late (Doc. 1 at 12).

Alterma acknowledges that his § 2255 motion is untimely, but urges that the United States Supreme Court's decision in *Johnson* triggered the start of a new one-year limitations period under 28 U.S.C. § 2255(f)(3).[3] Specifically, Alterma argues that his § 2255 motion is timely because he raises a right to relief based upon *Johnson*, which was decided on June 26, 2015—giving him through June 26, 2016 to file his petition (Doc. 1

---

[3] Section 255(f)(3) provides a limitations starting date as "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). On April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

at 10). Alterma claims that, in light of *Johnson*, he is entitled to consideration of the merits of his claims. In *Johnson*, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague and deprived defendants of due process. 135 S. Ct. at 2557. However, Alterma was sentenced under the United States Sentencing Guidelines, not the ACCA. In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court determined that the Sentencing Guidelines were not subject to a void for vagueness challenge under the Fifth Amendment's Due Process Clause. Thus, Alterma cannot utilize *Johnson* to circumvent the one-year statute of limitations. [4]

Nor is Alterma entitled to equitable tolling. Equitable tolling is available only when a petitioner establishes both extraordinary circumstances that prevented timely filing and due diligence. *Diaz v. Sec'y, Fla. Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Holland v. Florida*, 560 U.S. 631 (2010) (recognizing that a petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way to prevent timely filed). Alterma has presented no viable argument to excuse his failure to timely pursue a § 2255 motion to vacate, and his challenges to his federal sentence are, therefore, time-barred.

### b. *Johnson* does not apply to Alterma's sentence

The crux of Alterma's sole claim is that he no longer qualifies for an enhanced

---

[4] *Beckles* and *Welch* were both decided after Alterma filed his § 2255 motion. However, *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015), was decided prior to Alterma filing his § 2255 motion. In *Matchett*, the Eleventh Circuit expressly rejected the void for vagueness doctrine to the residual clause contained in the career offender provisions of the United States Sentencing Guidelines. Accordingly, this Court would have been required to reject Alterma's § 2255 motion as untimely, even had *Beckles* not been decided in the interim.

sentence under the residual clause of the Sentencing Guidelines in light of the *Johnson* decision (Doc. 1 at 4). Specifically, he argues that his prior Florida conviction for third degree felony battery was found to be a crime of violence under the residual clause of USSG § 4B1.2(a), which makes his guidelines sentence inapplicable under *Johnson*. *Id.* In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" 135 S. Ct. at 2563. The ACCA provides enhanced penalties for defendants who are: (1) convicted of being felons in possession of firearms, in violation of 18 U.S.C. § 922(g); and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The residual clause of the ACCA defines "violent felony" as, *inter alia*, a felony that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). In *Johnson*, the Supreme Court found the "residual clause" so vague as to violate due process. *Johnson,* 135 S. Ct. at 2557.

The "crime of violence" definition contained within the Sentencing Guidelines' career offender enhancement provision is virtually identical to the residual clause language the Supreme Court found unconstitutional in *Johnson*. U.S.S.G. § 4B1.2(a)(2). Despite this similarity, the Supreme Court held in *Beckles* that *Johnson* does not apply to the residual clause of the Sentencing Guidelines. Specifically, the Court held that "the advisory Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." *Beckles,* 137 S. Ct. at 896. The Court reasoned that, unlike the ACCA, "[t]he advisory Guidelines . . . do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Beckles,* 137 S. Ct. at 894. The Supreme Court further distinguished the

Sentencing Guidelines from the ACCA because the ACCA <u>requires</u> sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years, whereas the Sentencing Guidelines are only advisory. *Id.* at 892. Therefore, although the Sentencing Guidelines' residual clause and the ACCA's residual clause are identical, the Sentencing Guidelines are not subject to a void-for-vagueness challenge under *Johnson* because the Guidelines "merely guide the district courts' discretion[.]" *Id. at 894*. Under this reasoning, *Beckles* forecloses Alterma's argument that he was improperly sentenced as a career offender under the Sentencing Guidelines, and his claim is denied on the merits.

      **c.**     **Alterma's prior conviction for the sale of cocaine is a serious drug offense**

Perhaps recognizing the futility of his *Johnson* argument as it applies to his felony battery charge, Alterma urges in his October 20, 2016 reply that his Florida conviction for the sale of cocaine does not qualify as a serious drug offense under the career offender provision of the Sentencing Guidelines (Doc. 10 at 4) (citing *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *Mathis v. United States*, 136 S. Ct. 2243 (2016)). This argument fails for two reasons.

First, *Mathis* was decided on June 23, 2016—long after the conclusion of Alterma's direct appeal. The Eleventh Circuit has specifically held that *Mathis* did not announce a new rule of constitutional law; rather it merely provided guidance to courts in interpreting an existing criminal statute. *In re Hernandez*, 857 F.3d 1162, 1163 (11th Cir. 2017). Accordingly, this claim, raised for the first time on October 20, 2016, is clearly time-barred. *See* discussion *supra*.

Next, *Hinkle*, a Fifth Circuit Court of Appeals case, applied to the Texas statute

applicable to the delivery of herion. 823 F.3d at 571. Alterma was convicted of selling cocaine in Florida under Florida Statute § 893.13. A defendant convicted of a violent crime or a controlled substance offense is a career offender under § 4B1.1(a) if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). Nothing in *Mathis* or *Hinkle* suggests that the sale of cocaine under Florida Statute § 893.13 is no longer a serious drug offense under § 4B1.2. As such, Alterma was properly sentenced as a career offender under the guidelines. *See United States v. Hill*, 652 F. App'x 835, 836 (11th Cir. 2016) (sale of cocaine qualifies as career offender predicate controlled substance offense); *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014) (§ 893.13(1) is a "serious drug offense" under Section 924(e)(2)(A)); *United States v. Johnson*, 570 F. App'x 852 (11th Cir. 2014) (sale of cocaine under Florida Statute § 893.13(1)(a) 1 is a "serious drug offense" for purposes of ACCA).

Any of Alterma's allegations not specifically addressed herein have been found to be either time-barred or without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Alterma's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred, or alternatively, **DENIED**.

2. The **Clerk of the Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

3. The **Clerk of the Court** is further directed to file a copy of this Order in criminal case number 2:13-cr-98-FtM-38CM and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Cr. 81) pending in that

case.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY IS DENIED**. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted). Alterma has not made the requisite showing in these circumstances.

Because Alterma is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE** and **ORDERED** in Fort Myers, Florida on this 17th day of August, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Jermaine Alterma
Counsel of Record